## Hires & Co., Limited, *v.* Albert E. Norton, Owner, James Hood, Contractor, Appellants.

*Appeals—Practice, Superior Court—Assumption based on motive dehors the record.*

The appellate court is not warranted in going outside of the record in search of questions of fact not fairly raised by the evidence. Where under the admitted facts a plaintiff has made out a prima facie case on a mechanic's claim, and the defendant offers in evidence a single clause of a contract between him and the contractor, the appellate court will not assume it was the contract under which the buildings were erected.

Argued December 14, 1897. Appeal, No. 141, October T., 1897, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1892, No. 196, M. L. D. on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Sci. fa. sur mechanic's lien for glass, etc., against forty-five adjoining three- and two-story brick dwellings, etc. Before BRÉGY, J.

At the trial the following facts were agreed upon and submitted as the plaintiff's evidence:

That the amount of the lien apportioned against the property against which the sci. fa. was issued was $185.07, and that the amount due now with interest in said lien is $252.

That the said sum is due for glass, lights, putty, etc., furnished by said claimant for and about the erection and construction of said house within six months before the filing of the lien, of which building Albert E. Norton is the owner, and James Hood the contractor, at whose instance and request the materials were furnished.

By indenture dated March 29, 1890, recorded April 12, 1890, Hugh Chain, Jr., et al., conveyed to said Albert E. Norton the lot of ground against which the above amount is apportioned; the lot being on the north side of Fairmount avenue and west side of Union street, containing in front on Fairmount avenue sixteen feet, and extending of that width in length or depth northward on Union street, seventy-seven feet to a three foot wide alley, and having a brick store and dwelling built thereon. (Plaintiff closed).

458     HIRES & CO. *v.* NORTON.

Statement of Facts—Opinion of the Court. [6 Pa. Superior Ct.

Defendant offered in evidence the eleventh clause of the contract as follows:

11. The said James Hood furthermore agrees and binds himself that he will not himself file any lien for work and labor done and materials furnished towards the erection of said sixty-five houses or any of them, and that he will not suffer or permit any lien attachment or other incumbrance under any law of this state or otherwise by any person or persons whatsoever to be put or remain upon the said sixty-five buildings or upon any of them for any work or labor done or materials furnished under or in pursuance to this contract, or by reason of any other claim or demand against him that can or might in any manner or way affect, impair or take priority to the lien of the said sixty-five mortgages executed in favor of the German-American Title and Trust Company, one being upon each of the said sixty-five respective premises. (Evidence closed).

The court instructed the jury to render a verdict for the plaintiff.

Verdict and judgment for plaintiff for $252. Defendants appealed.

*Error assigned* was refusal of binding instructions for defendants.

*Robert H. Hinckley*, with him *Leon Folz*, for appellants.—The wording of this contract is entirely within the ruling of Nice v. Walker, 153 Pa. 123.

*E. Cooper Shapley*, for appellee submitted no paper-book.

Opinion by Rice, P. J., February 19, 1898:

Under the admitted facts the plaintiff made out a prima facie case. In defense, the owner of the buildings offered in evidence a single clause of a contract between him and the contractor, which we are asked to assume was the contract under which the buildings were erected. Without having before us the whole contract, and without any evidence upon the record that the lien in question " can or might in any manner or way affect or take priority to the lien " of any mortgage given by the owner, we cannot say that the court committed

error in holding that no defense was made out. We do not feel warranted in going outside the record in search of questions not fairly raised by the evidence.

Finding no error in the record, the judgment is affirmed.